IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| ANDREW J. OLMER and SUSAN E. OLMER, | ) | |
| | ) | CASE NO. BK14-40993 |
| Debtor(s). | ) | A15-4024 |
| ANDREW J. OLMER and SUSAN E. OLMER, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 13 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE; UNITED STATES OF AMERICA | ) | |
| INTERNAL REVENUE SERVICE; MBNA | ) | |
| AMERICA (DELAWARE), N.A.; CAPITAL | ) | |
| ONE, NA; DISCOVER BANK; DISCOVER | ) | |
| FINANCIAL SERVICES; and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the debtor-plaintiffs' motion for summary judgment against defendants Discover Bank, Discover Financial Services, Capital One NA, and MBNA America (Delaware) N.A. (Fil. No. 40). No resistance was filed. Thalia Downing Carroll represents the debtors. No appearance was made for these defendants. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The debtors filed this adversary proceeding to determine the extent, validity, and priority of certain liens against their residential real property. They have filed this motion for summary judgment seeking a determination that the defendants' judgment liens are not valid liens against the property.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding, filed May 30, 2014.

2. This adversary proceeding was commenced on May 18, 2015.

3. Plaintiff Andrew Olmer is the owner of real property legally described as the West 725.0 feet of the South 746.74 feet of the Southwest Quarter (SW1/4) of Section Thirty-two (32), Township Nineteen (19) North, Range Two (2) East of the 6th P.M. in Colfax County, Nebraska, commonly known as 210 Road M, Leigh, Nebraska, 68643.

4. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

5. The plaintiffs do not own real property in Platte County, Nebraska.

6. On January 27, 2005, judgment in the amount of $24,873.06 was entered in favor of Discover Bank and against Susan E. Olmer in the County Court of Colfax County.

7. The judgment was transcribed in the County Court of Platte County and garnishments were collected.

8. The judgment was satisfied, and notices of satisfaction of judgment were filed in December 2007.

9. Discover was served a copy of the summons and complaint via certified mail at its corporate address and at the address of its agent for service of process on May 27, 2015.

10. Discover was served a copy of the summons and complaint via certified mail on its chief executive officer on March 1, 2016.

11. Execution of service of summons and complaint were filed in this court on June 9, 2015, and March 31, 2016, respectively.

12. Discover did not file an answer or any other response.

13. Discover has not filed a proof of claim or otherwise appeared in the bankruptcy proceeding or in the adversary proceeding.

14. On December 20, 2005, judgment in the amount of $15,714.25 was entered in favor of Capital One Bank and against Andrew Olmer by the County Court of Colfax County.

15. The judgment was transcribed in the County Court of Platte County and garnishments were collected. The last action to collect on this judgment occurred in August 2009.

16. Capital One was served a copy of the summons and complaint in this adversary proceeding via service by certified mail on its chief executive officer on or before June 9, 2015.

17. Execution of service of summons and complaint were filed in this court on June 9, 2015.

18. Capital One did not file an answer or otherwise respond.

19. Capital One has not filed a proof of claim in this bankruptcy proceeding or otherwise appeared in either the bankruptcy proceeding or the adversary proceeding.

20. On January 17, 2006, judgment in the amount of $55,716.77 was entered in favor of MBNA America Bank, NA, and against Andrew J. Olmer in the District Court of Colfax County.

21. The property was sold at sheriff's sale on April 11, 2006, but the sale was later set aside.

22. The judgment was transcribed in the District Court of Platte County and garnishments were collected in both Colfax and Platte counties.

23. MBNA filed a garnishment release in Platte County on February 14, 2013.

24. MBNA was served a copy of the summons and complaint in this adversary proceeding via service by certified mail on its chief executive officer on or before June 9, 2015.

25. Execution of service of summons and complaint were filed in this court on June 9, 2015.

26. MBNA has not filed an answer in this adversary proceeding or otherwise filed a response.

27. MBNA has not filed a proof of claim in this bankruptcy proceeding or otherwise appeared in either the bankruptcy proceeding or the adversary proceeding.

28. As of the petition date, the value of the subject real estate was $108,750, according to the debtors' Schedule A.

29. As of the petition date, there were no voluntary liens against the property.

30. The debtors claim a homestead interest in the property under Neb. Rev. Stat. § 40-101 *et seq.*

31. The defendants are not infants or incompetent persons.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34*, 528 F.3d 1074, 1078–79 (8th Cir. 2008). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial"). Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal procedural rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); Fed. R. Bankr. P. 1001.

Here, the evidence indicates the judgment debt to Discover has been satisfied, although the notice of satisfaction may not have been filed in every applicable court. Summary judgment will be entered in favor of the plaintiffs as against this creditor.

Nebraska law provides that any party having a judgment in county court may have the judgment transcribed to the clerk of the district court in any county in Nebraska. Neb. Rev. Stat. § 25-2721. After the judgment is transcribed (filed and entered upon the judgment record), the judgment becomes a lien on any real estate in the county where the judgement is transcribed. Neb. Rev Stat. § 25-2721(2). Once the judgment has become a lien, the clerk of the court may issue execution upon the real estate in the applicable county. Neb. Rev Stat. § 25-2721(2). However, the lien does not exist in perpetuity. It is created by statute and is destroyed by statute if execution is not sued out within five years from the date of any judgment, or if five years passes between the last execution and the filing of a new one. The judgment becomes dormant and ceases to provide a lien on the debtor's estate. Neb. Rev. Stat. § 25-1515; *Mousel Law Firm, P.C. v. Townhouse, Inc.*, 608 N.W.2d 571, 575 (Neb. 2000).

The evidence indicates that no action has been taken by Capital One on its judgment debt since 2009, and at that time, the collection action was simply a garnishment of money. Capital One took no steps to enforce its judgment lien against the debtors' real estate. Accordingly, that lien has ceased to exist because the judgment has become dormant and the debtors are entitled to summary judgment.

Likewise, the MBNA America judgment appears to have been satisfied, although no notice of satisfaction has been filed. Even if the debt has not been satisfied, more than five years have passed since MBNA has attempted to execute on it, so the judgment is dormant and the lien no longer exists. Accordingly, summary judgment will be entered in favor of the plaintiffs against this creditor.

IT IS ORDERED: The debtor-plaintiffs' motion for summary judgment against defendants Discover Bank, Discover Financial Services, Capital One NA, and MBNA America (Delaware) N.A. (Fil. No. 40) is granted. Separate judgment will be entered.

DATED: May 10, 2016.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Thalia Carroll
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.